Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| THE WOODS HOMEOWNERS ASSOCIATION<br><br>RECURRIDO<br><br>V.<br><br>FRANK ALEJANDRO DOMÍNGUEZ PIÑA Y OTROS<br><br>PETICIONARIOS | TA2025CE00603 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm. HU2024CV01758<br><br>Sobre:<br>Cobro de dinero |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece Frank Alejandro Domínguez Pina y María Teresa Robles Cruz, y la sociedad legal compuesta por ambos (en conjunto, la parte peticionaria) mediante recurso de *Certiorari* presentado el 11 de octubre de 2025 y nos solicita que dejemos sin efecto la *Orden* emitida por el Tribunal de Primera Instancia, Sala de Humacao (TPI o foro primario) el 19 de septiembre de 2025, notificada el 22 de septiembre de 2025. Mediante el referido dictamen, el foro primario anotó la rebeldía de la parte peticionaria.

Por los fundamentos que proceden a continuación, expedimos el recurso de *certiorari* y revocamos la decisión emitida por el foro primario.

**I.**

El 22 de noviembre de 2024, el Condominio "The Woods at Palmas del Mar" (parte recurrida) presentó la *Demanda* del epígrafe.[1] La parte peticionaria fue emplazada el 17 y 18 de diciembre de 2024.

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

El 16 de enero de 2025, la parte peticionaria solicitó, por derecho propio, prórroga para presentar alegación responsiva.[2] El TPI concedió la prórroga solicitada el 17 de enero de 2025.[3] El 14 de febrero de 2025, la parte peticionaria presentó moción sobre que se asumió representación legal y solicitó una prórroga para investigar las alegaciones de la demanda, y presentar la alegación correspondiente.[4] En respuesta, el 19 de febrero de 2025, el foro primario concedió la solicitud de la parte peticionaria.[5]

Así las cosas, el 9 de marzo de 2025, la parte peticionaria informó al TPI que se encontraba negociando un *short sale* de la propiedad y con ello la posible transacción del caso.[6] A esos efectos, este presentó otra prórroga, en la cual solicitaba término adicional para presentar alegación responsiva. El TPI le concedió a la parte peticionaria treinta (30) días adicionales para presentar la contestación a la demanda y diez (10) días a la parte recurrida para que se expresara.[7]

El 19 de marzo de 2025, la parte recurrida enmendó la demanda para que ésta reflejara ciertos descuentos que había hecho a la cantidad reclamada.[8] Además, la parte recurrida presentó *Moción en Cumplimiento de Orden* y expresó no tener reparo a la prórroga solicitada, toda vez que se encontraba negociando con la parte peticionaria para alcanzar un acuerdo de pago.[9] Así pues, el 20 de marzo de 2025, el TPI aceptó la *Demanda Enmendada* y se dio por enterado de las conversaciones transaccionales entre las partes.[10]

---

[2] Entrada #4 del SUMAC TPI.
[3] Entrada #5 del SUMAC TPI.
[4] Entrada #6 del SUMAC TPI.
[5] Entrada #7 del SUMAC TPI.
[6] Entrada #8 del SUMAC TPI.
[7] Entrada #9 del SUMAC TPI.
[8] Entrada #10 y 11 del SUMAC TPI.
[9] Entrada #12 del SUMAC TPI.
[10] Entrada #13, 14 y 15 del SUMAC TPI.

No obstante, luego de seis (6) meses de las referidas mociones, el 18 de septiembre de 2025, la parte recurrida presentó *Moción Solicitando Anotación de Rebeldía y Pronunciamiento de Sentencia.*[11] Al otro día, el 19 de septiembre de 2025, notificada el día 22 de septiembre de 2025, el TPI dictó *Orden* anotando la rebeldía a la parte peticionaria.[12] Ese día, la parte peticionaria presentó *Moción de Reconsideración en Torno a Anotación de Rebeldía.*[13] Ese mismo día, el TPI le concedió cinco (5) días a la parte recurrida para exponer su posición.[14] El 23 de septiembre de 2025, la parte recurrida presentó *Oposición a la Solicitud de Reconsideración.*[15] El 24 de septiembre de 2025, la parte peticionaria presentó una réplica a la oposición de la parte recurrida y presentó, además, la *Contestación a la Demanda Enmendada.*[16] Sin embargo, ese mismo día, el TPI denegó la reconsideración.[17]

En respuesta, ese día también, la parte peticionaria presentó una *Urgentísima Moción de reconsideración de orden para que se admita contestación a demanda enmendada y se permita se ventile el presente caso en sus méritos.*[18] El 1 de octubre de 2025, la parte recurrida se opuso, nuevamente, a la solicitud de la parte peticionaria.[19] Finalmente, el 2 de octubre de 2025, el foro primario denegó la reconsideración y, por ende, no aceptó la *Contestación a la Demanda Enmendada* presentada por la parte peticionaria.[20]

Inconforme con el proceder del TPI, el 11 de octubre de 2025, la parte peticionaria acudió ante este Tribunal mediante recurso de *certiorari* y señala como único error lo siguiente:

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DAR POR SOMETIDA Y RESOLVER LA

---

[11] Entrada #16 del SUMAC TPI.
[12] Entrada #17 del SUMAC TPI.
[13] Entrada #18 del SUMAC TPI.
[14] Entrada #19 del SUMAC TPI.
[15] Entrada #20 del SUMAC TPI.
[16] Entrada #21 y 22 del SUMAC TPI.
[17] Entrada #23 del SUMAC TPI.
[18] Entrada #24 del SUMAC TPI.
[19] Entrada #26 del SUMAC TPI.
[20] Entrada #27 del SUMAC TPI.

MOCIÓN DE LA PARTE RECURRIDA EN LA QUE SE SOLICITÓ LA ANOTACIÓN DE REBELDÍA CONTRA LA COMPARECIENTE, SIN BRINDAR OPORTUNIDAD A ESTA ÚLTIMA DE EXPRESARSE EN CUANTO A LA ANOTACIÓN SOLICITADA. TODO ELLO, EN CONTRAVENCIÓN A LA REGLA 8.4 DE PROCEDIMIENTO CIVIL Y EN VIOLACIÓN AL DEBIDO PROCESO DE LEY DE LA PARTE DEMANDADA

**II.**

**A. Certiorari**

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372 (citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016)).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el foro primario, solamente será expedido por este Tribunal cuando se recurra de una

resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil o de la denegatoria de una moción de carácter dispositivo. Ahora bien, por excepción este foro apelativo podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) casos que revistan interés público; (6) o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. En los casos antes mencionados, el foro apelativo no tiene que fundamentar su decisión al denegar la expedición de un recurso de *certiorari.*

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari.* En lo pertinente, la Regla 40 dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo,* Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo que "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular,* 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

## B. Rebeldía

El propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011) (citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., San Juan, Pubs. J.T.S., 2011, T. IV, pág. 1340). A esos efectos, procede la anotación de rebeldía cuando el demandado no comparece a contestar la demanda u ofrecer alguna defensa a su favor. *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 823 (2023); *Rivera Figueroa v.*

*Joe's European Shop, supra,* pág. 589. *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002).

La anotación de rebeldía tiene el efecto de que se consideren como ciertos los hechos bien alegados y que a la parte en rebeldía se le impida presentar prueba para controvertirlos. *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 814 (1978). Es decir, esta tiene como implicación el que el foro primario dicte sentencia, según proceda como cuestión de derecho. *Mitsubishi Motor v. Lunor y otros, supra,* pág. 824; *Rivera Figueroa v. Joe's European Shop, supra,* pág. 598.

Al respecto, la Regla 45.1 de Procedimiento Civil, *supra,* es la disposición que define los asuntos concernientes con la anotación de rebeldía:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Empero, la Regla 45.3 de Procedimiento Civil, *supra,* les confiere a los tribunales la facultad de dejar sin efecto una anotación de rebeldía por justa causa. Es decir, una vez el tribunal dicta sentencia en rebeldía, este pudiese dejarse sin efecto si se satisface alguna de las instancias dispuestas en la Regla 49.2 de Procedimiento Civil, *supra.* Ahora bien, pese a que imponer la rebeldía es discrecional para el foro de instancia, "tal discreción no se sostiene ante el ejercicio burdo o injusto". *Rivera Figueroa v. Joe's European Shop, supra,* pág. 590. De manera que, tal poder debe ejercerse de forma juiciosa y apropiada. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). "Cada decisión que se

tome al respecto debe estar fundamentada en que la función de un tribunal es impartir justicia dentro de los contornos de un proceso adversativo, por lo que cada controversia debe resolverse en los méritos. . ." *Mitsubishi Motor v. Lunor y otros, supra,* págs. 856-857.

En armonía con lo anterior, nuestro Tribunal Supremo estableció los criterios a considerar para dejar sin efecto una anotación de rebeldía: (1) las defensas presentadas por la parte rebelde; (2) la etapa de los procedimientos del caso; (3) el perjuicio que le ocasionaría a las partes si levantaban o no la anotación de rebeldía; (4) si el demandante fue quien causó confusión en el proceso y como resultado se le anotó la rebeldía al demandado; y (5) la diligencia del demandado durante el pleito. *Neptune Packing Corp. v. Wackenhut Corp.,* 120 DPR 283, 291-295 (1988).

De modo que, el foro primario, ante una situación que amerite imponer sanciones por incumplimiento, debe apercibir a las partes de que la situación debe ser corregida de inmediato. *Maldonado v. Srio. de Rec. Naturales, supra,* pág. 498. El referido tribunal debe comenzar con sanciones menos severas hasta llegar a la más punitiva de todas, a saber, la imposición de la rebeldía en el pleito. Íd.

### III.

La parte peticionaria plantea como único señalamiento de error, el que el foro primario diera por sometida la moción de la anotación de rebeldía presentada por la parte recurrida, sin brindarle la oportunidad a este de expresarse, todo ello en contravención a la Regla 8.4 de Procedimiento Civil, *supra,* y en violación al debido proceso de ley.

Del expediente ante nuestra consideración se desprende que la parte peticionaria solicitó tres (3) prórrogas que estuvieron debidamente fundamentadas, lo cual demuestra su clara intención de comparecer y defenderse. Las justificaciones ofrecidas en dichas

mociones fueron validadas por el TPI, al punto de que todas fueron autorizadas. En específico, la parte peticionaria planteó en su última prórroga que se encontraban en conversaciones para un posible acuerdo transaccional del pleito. Además, en el recurso ante nos, este aduce que radicó una Solicitud de Relevo de Sentencia en el caso *Apex Bank v Frank Domínguez Pina*, HU2022CV01140, sobre ejecución de hipoteca, que influye en las posibilidades de transacción y las controversias relacionadas al presente caso.

Ciertamente, luego de la prórroga concedida por el foro primario para presentar la contestación de la demanda, transcurrieron seis (6) meses de inactividad en el pleito, hasta que la parte recurrida presentó *Moción Solicitando Anotación de Rebeldía y Pronunciamiento de Sentencia.* No obstante, el TPI no concedió término a la parte peticionaria conforme a la Regla 8.4 de Procedimiento Civil para exponer su posición sobre la solicitud realizada por la parte recurrida.  Sin embargo, una vez consciente del error que había cometido al no haber cumplido, este fue diligente, ya que el mismo día que se le anotó la rebeldía este presentó *Moción de Reconsideración en Torno a Anotación de Rebeldía.*[21] Igualmente, luego de dos (2) días de la anotación de rebeldía, presentó su *Contestación a la Demanda Enmendada.*[22] De modo que, la parte peticionaria no se cruzó de brazos ante la anotación de rebeldía, ya que insistente mediante ciertas mociones suplicó que no se le anotara la rebeldía.

Según explicamos, la Regla 45.1 de Procedimiento Civil, *supra,* permite que el TPI le anote rebeldía a la parte que no contesta o habiendo comparecido no surja la intención clara de defenderse. No hay duda de que los tribunales tienen el poder incuestionable de exigir a las partes que sean diligentes en relación

---

[21] Entrada #18 del SUMAC TPI.
[22] Entrada #21 y 22 del SUMAC TPI.

con los asuntos que traen a su consideración. No obstante, cuando la parte en rebeldía presente una buena defensa y este ausente el perjuicio que pudiera ocasionarle a la otra parte, se debe propiciar la adjudicación de los pleitos en sus méritos. Además, es sabido, que estas situaciones debemos interpretarla con cierta liberalidad, resolviendo toda duda en favor de la parte que se le anotó la rebeldía, en conformidad con la política pública que incentiva que se vean los casos en sus méritos.

Conforme adelantamos, la parte peticionaria desde el comienzo del pleito demostró su intención de comparecer. Asimismo, este presentó una justificación fundamentada sobre la dilación a su contestación a la demanda, toda vez que se encontraba en un posible acuerdo transaccional. Si bien es cierto que el pleito quedó desatendido durante seis (6) meses y la parte peticionaria no presentó la contestación de la demanda en el término concedido, no es menos cierto que en cada moción u orden presentada este ha emitido su oportuna contestación. Además, la inacción de seis (6) meses podía ser imputable a la parte recurrida, quien es la parte que ha de permanecer activa por ser la parte promovente del recurso. Por último, no se puede pasar desapercibido que el pleito se encuentra en etapas tempranas del proceso, lo cual disminuye la posibilidad de cualquier perjuicio que pudiese ocasionar a la parte recurrida. Todo esto, en armonía con nuestro ordenamiento jurídico que promulga que los pleitos se resuelvan en sus méritos.

**IV.**

Por los fundamentos expuestos se expide el auto de *certiorari,* revocamos la *Orden* recurrida, levantamos la rebeldía y devolvemos el caso al foro primario para que continúe con los procedimientos conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones